IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARYANNE LOCKMAN, et al.,

   Plaintiffs,

     v.

YOUME WINDYHILL, LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-2525-TWT

**OPINION AND ORDER**

This is an action under the Fair Labor Standards Act. It is before the Court on the Plaintiffs' Motion to Certify a Collective Action Class [Doc. 35]. For the reasons set forth below, the Plaintiffs' Motion to Certify a Collective Action Class [Doc. 35] is DENIED.

**I. Background**

The Plaintiffs Maryanne Lockman, Marisa Deans, and Olivia Clark are former employees of the Three Dollar Café located in Marietta, Georgia, which is operated by the Defendant Youme Windyhill, LLC.[1] The Defendants Joseph and Won Woo are officers of Youme and, at all relevant times, allegedly had the authority to make

---

[1] Am. Compl. ¶¶ 14, 16; Woo Aff. ¶ 2.

decisions regarding employee compensation.[2] The Plaintiffs allege that, for multiple reasons, their compensation ultimately fell short of the statutorily-mandated minimum. For example, Deans and Clark primarily worked as servers, and were paid $2.13 per hour because they were expected to receive tips.[3] Generally, if a server's tips for a given shift are insufficient to bring the server's hourly-rate up to the minimum-wage line, Youme provides additional compensation to make up the difference.[4] The Plaintiffs allege, however, that when their tips were negligible, Youme often failed to provide additional, adequate compensation.[5] Additionally, Deans and Clark allege that, due to an error in Youme's computer system, their tips were further reduced. At the end of their shifts, the employees generally had to "close out."[6] This was a process in which a computer would calculate the total sales and tips for a given shift, and the employee would then remit any cash payments made for sales to Youme.[7] According to Deans and Clark, the computer would often inaccurately calculate the total sales,

---

[2]   Id. ¶¶ 18-19.

[3]   Id. ¶¶ 35-36.

[4]   Id. ¶¶ 40, 43.

[5]   Id. ¶ 42.

[6]   Id. ¶ 50.

[7]   Id. ¶¶ 50-51.

and thus also the cash amount that the employees had to turn over.[8] Consequently, the employees often had to remit a portion of their tips to make up the difference.[9]

Further, the Plaintiffs also allege that this computer system often under-reported the total number of hours the employees worked, thus reducing the wages that they received.[10] Lockman alleges that she informed the Defendants of this recurring error, and was told "that there were more important issues of which to be concerned."[11] Lockman alleges that, because of her complaints, her hours were reduced and her employment was ultimately terminated.[12] Deans and Clark allege that they also complained about the computer system, and were subjected to retaliation.[13] The Plaintiffs filed suit, asserting FLSA claims for, *inter alia*, unpaid minimum wage, unpaid overtime, and retaliation. The Plaintiffs now move to conditionally certify a collective action class consisting of "all of [the] former and current hourly employees

---

[8]  Id. ¶ 52.

[9]  Id.

[10] Id. ¶¶ 55, 58.

[11] Id. ¶ 61.

[12] Id. ¶ 62.

[13] Id. ¶¶ 63-66.

at the Defendants' . . . Windy Hill (Marietta), McDonough, Chamblee, Douglasville, and Peachtree Corners (Norcross) locations."[14]

## II. Legal Standard

Under the FLSA, a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated* . . . [and] [n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]"[15] Collective action certification generally proceeds through two stages.[16] This action is currently in the first stage, where the Court must decide whether to conditionally certify the proposed class based primarily on the pleadings and any accompanying affidavits.[17] At this stage – the "conditional certification" stage – "courts apply a 'fairly lenient standard' for determining whether the plaintiffs are truly similarly situated."[18] The plaintiffs need only show a reasonable basis for their claim that (1) there are putative class members who wish to opt-in, and (2) those putative class members are similarly

---

[14] Pls.' Mot. for Certification, at 8-9.

[15] 29 U.S.C. § 216(b) (emphasis added).

[16] See Anderson v. Cagle's, Inc., 488 F.3d 945, 952 (11th Cir. 2007).

[17] See id. at 953.

[18] Id.

situated to the named plaintiffs.[19] Ultimately, the decision to create an opt-in class under section 216(b) lies within the Court's discretion.[20]

### III. Discussion

The Court must deny the Plaintiffs' certification request because the putative class, as the Plaintiffs have defined it, would consist of members that are not similarly situated. The Eleventh Circuit has acknowledged that the "FLSA . . . does not define how similar the employees must be before the case may proceed as a collective action" and that it has "not adopted a precise definition of the term."[21] In determining whether the "similarly situated" requirement is met, the Court may look to the named plaintiffs' and the putative class members' job requirements and pay provisions.[22] For putative class members to be "similarly situated," they need not hold positions that are

---

[19] See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008).

[20] See Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b) . . . remains soundly within the discretion of the district court.").

[21] Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008).

[22] See Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991) ("[T]he district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions.").

identical to the positions held by the named plaintiffs.[23] However, the Eleventh Circuit has cautioned that the "district court's broad discretion at the notice stage is . . . constrained, to some extent, by the leniency of the standard for the exercise of that discretion."[24]

Here, based upon the allegations in the Complaint, the putative class would consist of members with different job descriptions, different pay provisions, and different theories for relief under the FLSA. Indeed, the fact that the named plaintiffs themselves are not similarly situated to each other demonstrates this point. Deans and Clark generally worked as servers and, because they received tips, they were paid an hourly wage of $2.13. They are claiming that for many shifts, they received tips that were insufficient to bring their total hourly rate up to the minimum-wage line, and that Youme often did not provide additional compensation to make up the difference. Lockman, on the other hand, was a manager whose hourly rate certainly exceeded the minimum wage.[25] She is not asserting a claim for unpaid minimum wage based on the theory advanced by Deans and Clark. Her claim is predicated upon alleged errors in Youme's computer records. She is also claiming that when she informed the

---

[23] See Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).

[24] Morgan, 551 F.3d at 1261 (internal quotation marks omitted).

[25] Am. Compl. ¶ 34.

Defendants of these errors, the Defendants retaliated against her. Based on how broadly the Plaintiffs have defined the putative class, these distinctions would likely be found throughout its membership.

Additionally, given the nature of the Plaintiffs' claims, collective action certification is especially inappropriate here. To obtain certification, the Plaintiffs "must make some rudimentary showing of commonality between the basis for [their] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."[26] Here, the various FLSA claims would require a separate, extensive inquiry for each class member. To be sure, the Plaintiffs acknowledge that it was not Youme's official policy to deny additional compensation to *all* servers whose tips were insufficient,[27] or to provide compensation for only a portion of the total hours worked.[28] They are alleging that, *in certain instances*, the Defendants failed to provide adequate compensation. And determining whether a particular employee was indeed denied adequate compensation for a particular shift

---

[26] See Williams v. Accredited Home Lenders, Inc., No. 1:05-CV-1681-TWT, 2006 WL 2085312, at *3 (N.D. Ga. July 25, 2006) (internal quotation marks omitted).

[27] Am. Compl . ¶¶ 40, 42-44.

[28] To be clear, although the Plaintiffs are alleging that all employees were subject to the same payment policy, they are not alleging that all employees received *inadequate compensation* under this payment policy.

will require an independent inquiry. For example, in assessing an individual server's claim, a fact-finder must determine how much that server actually earned in tips for a given shift, and how much further compensation she received from Youme. Likewise, for the employees claiming that they received insufficient payment due to an error in the computer records, the fact-finder must determine how many hours a particular employee actually worked during a given shift. Thus, this is unlike a traditional FLSA collective action where a court can determine liability by primarily looking to the plaintiffs' shared job description and official pay provisions.[29]

Indeed, this Court has previously denied conditional collective action certification under similar circumstances. In Beecher v. Steak N Shake Operations, Inc.,[30] the plaintiffs were employees of the defendant Steak N Shake. They claimed – much like the Plaintiffs here – that the defendant had often failed to provide additional compensation when their "wages and tips combined fell below minimum wage."[31] They claimed that the defendant covered up this failure by manually

---

[29] See, e.g., Stevenson v. Great Am. Dream, Inc., No. 1:12-CV-3359-TWT, 2013 WL 4217128 (N.D. Ga. Aug. 14, 2013) (collective action certification was granted because the plaintiffs were challenging the official payment policy that applied to all of them, and the only real dispute was whether – based on their shared job description – they were "employees" or "independent contractors.").

[30] 904 F. Supp. 2d 1289, 1291-92 (N.D. Ga. 2012).

[31] Id. at 1292.

changing the computer records so that they did not accurately reflect the total number of hours an employee worked and the total amount she received in tips.[32] The plaintiffs moved to certify a collective class consisting of "[a]ll hourly-paid employees who worked at anytime from November 28, 2008 to [date of Court's certification order] at any STEAK N SHAKE restaurant owned by defendant . . . and to whom the defendant failed to pay . . .: (i) the minimum wage . . . and/or (ii) proper overtime compensation . . . ."[33] The Court denied certification, stating that "[w]hile Defendant's stores have a typical structure, the same positions, the same associates' handbook, the same internal reports, and the same method for clocking in, clocking out, and reporting tips, this is . . . not enough to show Plaintiffs and potential class members are similarly situated."[34] The Court found that assessing the merits of each putative class member's claim would obviously require a highly individualized inquiry.[35] Here, similarly, although the Plaintiffs are asserting that multiple employees were victims of the same recurring practices, the Court would nonetheless have to conduct a mini-

---

[32] See id.

[33] Id.

[34] Id. at 1299.

[35] See id.

trial for each person to assess the validity of her individual claim. Accordingly, the collective action mechanism is not appropriate for this case.

## IV. Conclusion

For these reasons, the Court DENIES the Plaintiffs' Motion to Certify a Collective Action Class [Doc. 35].

SO ORDERED, this 8 day of August, 2014.


        /s/Thomas W. Thrash
        THOMAS W. THRASH, JR.
        United States District Judge